■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICKLES RUCKER, Appellant. [19 NYS3d 200]—

Egan Jr., J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered January 2, 2013, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. Defendant thereafter was sentenced as a second felony offender, in accordance with the plea agreement, to a prison term of eight years followed by three years of postrelease supervision, to be served concurrently with a sentence that had been imposed upon similar charges in Washington County. Defendant now appeals.

Defendant claims that defense counsel was ineffective because counsel failed to either request that defendant be sentenced nunc pro tunc to the date that the Washington County sentence was imposed or otherwise ensure that the conditional release dates of the concurrent sentences would be the same. Even assuming this issue impacts the voluntariness of defendant's plea and, hence, survives the unchallenged waiver of the right to appeal, this issue is unpreserved for our

review in the absence of an appropriate postallocution motion (*see People v Brown*, 128 AD3d 1273, 1274 [2015]). To the extent that defendant's contention amounts to a misunderstanding on his part at the time of sentencing that the conditional release dates for both sentences would be the same, this issue involves matters outside the record and, as such, is more properly addressed by motion pursuant to CPL article 440 (*see People v Seminara*, 53 AD2d 678, 678 [1976]).

Lahtinen, J.P., Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed.